UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES of AMERICA,

    Plaintiff,

Case No. 2:14-cr-20176-1

HONORABLE STEPHEN J. MURPHY, III

v.

PHILLIP JONES,

    Defendant.
_____/

**OPINON AND ORDER DENYING**
**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [29]**

In June 2020, Defendant Phillip Jones moved for release under the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c). ECF 24. Defendant represented that he is particularly susceptible to COVID-19 because he has asthma. *Id*. at 85. Defendant, however, failed to exhaust his administrative remedies and the Court denied his motion for release. ECF 28, PgID 96. After exhausting his administrative remedies, *see* ECF 29-1, Defendant renewed the motion for compassionate release, ECF 29.

To be eligible for compassionate release, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the Sentencing Guidelines provides guidance about what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. Those reasons are classified in four categories: (1) Defendant's medical condition; (2) Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or

in combination with" reasons in the first three categories. *Id.* at cmt. n.1(A)–(D). Only the first category—medical conditions—applies to Defendant.

Defendant did not show that his medical condition is an "extraordinary and compelling reason[]" that warrants release from custody. Defendant claimed that he suffers only from asthma. ECF 29, PgID 99. The CDC does list asthma as an illness that might increase the risk of complications associated with COVID-19. *See People with Certain Medical Conditions*, CDC, (Sept. 18, 2020), https://bit.ly/31WKhck [https://perma.cc/L7A5-QLBA]. But compassionate release is proper "only upon a finding of numerous and severe medical conditions that place [Defendant] at a significantly higher risk for severe illness from COVID-19." *United States v. Alzand*, No. 18-cr-20703, 2020 WL 2781824, at *3 (E.D. Mich. May 29, 2020) (collecting cases).

Asthma without other medical conditions is not a "sufficiently 'extraordinary or compelling' [reason] such that compassionate release is [] necessary." *United States v. Benzer*, No. 13-CR-18, 2020 WL 3172993, at *2 (D. Nev. June 15, 2020); *see also United States v. Murphy*, No. 15-20411, 2020 WL 2507619, at *3 (E.D. Mich. May 15, 2020) (finding that an inmate's asthma was not an "extraordinary or compelling reason" to grant release because the "asthma ha[d] not reached a terminal phase with an end of life trajectory, and [the inmate was] not unable to self-care" through medication) (internal quotations omitted); *United States v. Trent*, No. 17-20839, 2020 WL 4001913, at *4 (E.D. Mich. July 15, 2020) (finding that several judges in the Eastern District of Michigan have denied compassionate relief "where an inmate's only identified health condition was mild asthma and no other risk factors"). In short,

2

Defendant's asthma alone does not warrant compassionate release. Defendant is therefore ineligible for compassionate release and the Court will deny his motion for release.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for compassionate release [29] is **DENIED**.

**SO ORDERED.**

    s/ Stephen J. Murphy, III
    STEPHEN J. MURPHY, III
    United States District Judge

Dated: October 9, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 9, 2020, by electronic and/or ordinary mail.

    s/ David P. Parker
    Case Manager